UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHANE KERVIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 3:13-CV-153 JD |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Shane Kervin, a *pro se* prisoner, filed a habeas petition challenging a prison disciplinary proceeding. (DE 1.) On August 21, 2012, a hearing officer found Kervin guilty of unauthorized possession of an electronic device in MCF #12-08-0207. (DE 21-2.) He received a written reprimand, served 30 days in segregation, and lost telephone and commissary privileges for 30 days. (*Id.*) The hearing officer also recommended that he lose 30 days of earned time credits, but this sanction was suspended. (*Id.*) Under the Indiana Department of Correction ("IDOC") Adult Disciplinary Procedures ("ADP"), a suspended sanction can only remain in effect for six months, after which time it becomes unenforceable. (DE 21-5.) More than six months have passed since the suspended sanction was imposed; it was not enforced during that period and has now expired. (DE 21 at 2; DE 21-4 at 1.)

Based on the above, the respondent moves to dismiss the petition. (DE 21.) As the respondent points out, the disciplinary proceeding at issue did not lengthen Kervin's sentence, nor could it, since the suspended sanction pertaining to his earned time credits has expired. Because the disciplinary proceeding did not lengthen his sentence, he cannot challenge it in a habeas petition. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge disciplinary

proceeding under 28 U.S.C. § 2254 only when the punishment imposed lengthens the duration of his confinement); *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001) (only a disciplinary sanction that affects the fact or duration of custody can be challenged under 28 U.S.C. § 2254).

Kervin filed a response to the motion raising a number of arguments against dismissal. (DE 22, 23.) He first asserts that the respondent is engaging in a "ploy" to avoid responsibility for violating his due process rights. (DE 22 at 1.) However, regardless of the respondent's motives, the applicable law provides that Kervin cannot proceed with a habeas petition challenging the disciplinary proceeding unless it lengthened his sentence.[1] *See Hadley*, 341 F.3d at 664; *Montgomery*, 262 F.3d at 643. He also asserts that the respondent miscalculated by two days the date when the suspended sanction expired, but even if he is correct, it is beyond dispute that well over six months have passed since the August 21, 2012, disciplinary hearing.

Notably, the record reflects that Kervin has a lengthy disciplinary record with multiple disciplinary convictions (*see* DE 21-9 to 21-13), and he himself appears confused about whether the suspended sanction imposed in this case was ever enforced. However, the respondent has submitted documentation demonstrating that it was not. The record does show that Kervin lost 30 days of earned time credit in a later case, MCF #13-02-0074, and he is free to file a new petition challenging that disciplinary proceeding if he has not already done so. However, the fact that he lost earned time

---

[1] Kervin also asserts that a prison employee told him he should file a federal habeas petition, which in his view demonstrates that he has a right to pursue habeas relief. (DE 22-2 at 1.) The court notes that documentation given to Kervin in the disciplinary proceeding instructed him that the facility head was his final level of review. (DE 21-8.) If a staff member instructed Kervin to pursue habeas relief, it appears he or she was simply trying to convey that Kervin had no further relief available within the IDOC. Regardless, it is for this court—not prison staff—to determine whether the petition can proceed under the governing law.

credits in another case does not provide a basis for permitting him to proceed with this case, which challenges MCF #12-08-0207.[2]

Kervin also complains that he served time in segregation and lost privileges as a result of the disciplinary proceeding, but this not does provide a basis for allowing him to proceed with the petition. If Kervin wishes to challenge the loss of privileges or other types of more restrictive custody imposed on him as a result of the disciplinary proceeding, the proper vehicle for litigating such a claim is 42 U.S.C. § 1983. *Montgomery*, 262 F.3d at 644 ("More restrictive custody must be challenged under § 1983, in the uncommon circumstances when it can be challenged at all."). While Kervin remains free to purse this remedy, subject to the usual constraints of the Prison Litigation Reform Act, the court offers no opinion about the wisdom of pursuing this course given the difficulty of raising such a claim under the applicable law. *See Sandin v. Conner*, 515 U.S. 472, 484-85 (1995) (prisoners are not entitled to due process protections unless a change in prison conditions results in an "atypical and significant hardship" when compared to "the ordinary incidents of prison life"). Finally, Kervin argues the merits of his petition (DE 22-2 at 3-7), but for the reasons explained above, this court cannot reach the merits, since the disciplinary proceeding he challenges did not lengthen his sentence. *See Hadley*, 341 F.3d at 664; *Montgomery*, 262 F.3d at 643.

For the reasons set forth above, the motion to dismiss (DE 21) is **GRANTED**, and the petition (DE 1) is **DISMISSED**.

SO ORDERED.

---

[2] In his petition Kervin makes a confusing reference to "CASE NO. 12-08-214" as being related to this case. (DE 1 at 1.) However, there is no such disciplinary case contained in IDOC records. (DE 21 at 3.) The respondent posits that if Kervin was issued a conduct report under that case number, he was either found not guilty or the case was dismissed. (DE 21-15, Valdez Aff. ¶ 10.)

ENTERED:  December 13, 2013

      /s/ JON E. DEGUILIO
Judge
United States District Court